IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL A. HOPKINS,<br><br>    Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE & SUBSIDIARIES, NATHAN C. MCKELLAR, SHANNON PHILLIPS, and SELECTHEALTH,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR INJUNCTIVE RELIEF**<br><br>No. 2:21-cv-00025-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

This case arises from the termination of Plaintiff Michael A. Hopkins's care at Intermountain Healthcare. Before the court is Defendants' (Intermountain Healthcare & Subsidiaries, Nathan C. McKellar, Shannon Phillips, and SelectHealth) Motion to Dismiss.[1] Also before the court is Hopkins's Motion for Injunctive Relief.[2] For the reasons explained below, the Motion to Dismiss is GRANTED and the Motion for Injunctive Relief is DENIED.

## BACKGROUND[3] AND PROCEDURAL HISTORY

Hopkins is a 25-year-old adult male who suffers from Attention Deficit Hyperactivity Disorder (ADHD).[4] He alleges Defendants discriminated against him by refusing to schedule an appointment for him at the Intermountain Cottonwood Clinic on September 30, 2021.[5]

---

[1] Dkt. 47.

[2] Dkt. 59.

[3] At the motion to dismiss stage, the court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff, Hopkins. *See Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

[4] Dkt. 46 (Second Amended Complaint) (hereinafter SAC) ¶¶ 9–10.

[5] *Id.* ¶¶ 11–12.

1

This case was originally referred to Chief Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B).[6] On January 19, 2021, Judge Pead granted Hopkins's Motion for Leave to Proceed *in forma pauperis*.[7] The same day, Hopkins filed his Complaint.[8] On February 23, 2021, Judge Pead directed Hopkins to file an Amended Complaint that would "contain all his causes of action and supporting allegations."[9] On March 8, 2021, Hopkins filed his Amended Complaint.[10] Thereafter, Defendants were served.[11]

On May 5, 2021, Defendants McKellar, Phillips, IHC, and SelectHealth filed a Motion to Dismiss the Amended Complaint for failure to state a claim.[12] After the motion was fully briefed, on June 11, 2021, Judge Pead issued a Report and Recommendation, recommending the Motion to Dismiss be granted.[13] Hopkins filed two Objections to the Report.[14] On September 7, 2021, the court held a hearing to take up Hopkins's Objections.[15] During the hearing, the court provided a detailed oral ruling overruling Hopkins's Objections, adopting the Report and Recommendation, and granting Defendants' Motion to Dismiss the Amended Complaint.[16] The court also granted Hopkins leave to file a Second Amended Complaint within thirty days.[17]

---

[6] Dkt. 11 (Docket Text Order).

[7] Dkt. 5 (Order).

[8] Dkt. 6 (Complaint).

[9] Dkt. 12 (Order).

[10] Dkt. 13 (Amended Complaint).

[11] Dkts. 22–25 (Summons Returned Executed).

[12] Dkt. 26 (Motion to Dismiss Amended Complaint).

[13] Dkt. 35 (Report and Recommendation).

[14] Dkt. 36 (First Objection), Dkt. 38 (Second Objection).

[15] *See* Dkt. 40 (Minute Order).

[16] *Id.*; *see also* Dkt. 41 (Written Order Following Oral Ruling).

[17] Dkt. 41 (Written Order Following Oral Ruling) at 8.

Following two unsuccessful Motions to Appoint Counsel,[18] on October 7, 2021, Hopkins filed his Second Amended Complaint, which brings a single cause of action under the Americans with Disabilities Act (ADA).[19]  On October 22, 2021, Defendants filed a Motion to Dismiss the Second Amended Complaint for failure to state a claim.[20]  On December 2, 2021, Judge Pead issued an Order to Show Cause directing Hopkins to provide good cause why no opposition to the Motion to Dismiss had yet been filed.[21]  On December 10, 2021, Hopkins responded, stating he had attempted to hire an attorney who had caused him to miss the deadline, and requesting a thirty-day extension to respond to the Motion to Dismiss.[22]  On December 16, 2021, Defendants filed a Notice of Non-Opposition to Hopkins's request for an extension,[23] and thereafter Judge Pead granted Hopkins's request.[24]

On January 17, 2022, Hopkins filed, through counsel, his Opposition to the Motion to Dismiss.[25]  Because Hopkins had retained counsel, the court modified the referral to Judge Pead to a 28 U.S.C. § 636(b)(1)(A) referral.[26]  On January 31, 2022, Defendants submitted their Reply in Support of the Motion to Dismiss.[27]

---

[18] *See* Dkt. 43 (Order Denying Motion for Appointment of Counsel); Dkt. 45 (Order Denying Motion for Appointment of Counsel).

[19] Dkt. 46 (SAC) ¶¶ 12–16.

[20] Dkt. 47 (Motion to Dismiss).

[21] Dkt. 48 (Order to Show Cause).

[22] Dkt. 49 (Response to Order to Show Cause).

[23] Dkt. 51 (Notice of Non-Opposition).

[24] Dkt. 52 (Docket Text Order).

[25] Dkt. 53 (Memorandum in Opposition).

[26] Dkt. 54 (Order Modifying Referral).

[27] Dkt. 55 (Reply).

On March 24, 2022, Hopkins's counsel filed a request to withdraw,[28] which Judge Pead granted.[29] On March 25, 2022, Hopkins filed a Motion for Injunctive Relief.[30] The court now turns to the pending Motion to Dismiss and Motion for Injunctive Relief.

## LEGAL STANDARDS

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief."[31] A defendant can file a motion to dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6).[32] To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[33] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[34] When determining whether a complaint meets these criteria, the court will "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."[35] However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[36] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the

---

[28] Dkt. 58 (Motion to Withdraw).

[29] Dkt. 60 (Order Granting Motion to Withdraw as Counsel).

[30] Dkt. 59 (Motion for Injunctive Relief). On March 29, 2022, Hopkins filed a "Notification Regarding Attorney Behavior and Continued Motion for Temporary Restraining Order" which renewed the request for injunctive relief. Dkt. 61 (Notification).

[31] Fed. R. Civ. P. 8(a)(2).

[32] *Id.* 12(b)(6).

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[34] *Id.* (citing *Twombly*, 550 U.S. at 556).

[35] *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

[36] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[37]

Hopkins proceeds pro se now, and was pro se at the time he filed the Second Amended Complaint. While the court "liberally construe[s] pro se pleadings," "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[38]

## ANALYSIS

The court first considers Defendants' Motion to Dismiss, then determines whether Hopkins may amend his Complaint, and finally resolves Hopkins's Motion for Preliminary Injunction.

### I.     Hopkins Fails to State a Claim under the ADA

Title III of the ADA prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases . . . or operates a place of public accommodation."[39] To state a claim under this title of the ADA, Hopkins must allege:

> (1) [He is] disabled within the meaning of the ADA; (2) Defendants are private entities that own, lease, or operate the place(s) of public accommodation; (3) [he was] deprived of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; and (4) Defendants failed to make reasonable modifications that would accommodate [his] disabilities without fundamentally altering the nature of the public accommodation.[40]

---

[37] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[38] *Ogden v. San Juan Cnty.,* 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

[39] 42 U.S.C. § 12182(a).

[40] *Civil Rights Educ. & Enforcement Ctr. v. Sage Hospitality Res., LLC*, 222 F. Supp. 3d 934, 956 (D. Colo. 2016).

5

In addition, the alleged discrimination must be "on the basis of . . . disability."[41]

At the outset, the court observes Hopkins' Second Amended Complaint, while more organized than the Amended Complaint, contains far fewer factual allegations.[42] In fact, the Second Amended Complaint contains no specific factual allegations beyond stating that Hopkins is an adult male who suffers from ADHD, and that he tried to make an appointment at the Intermountain Cottonwood Clinic on September 30, 2021, but was denied.[43]

Comparing Hopkins's allegations to the elements of the ADA claim, Hopkins does sufficiently allege the first element, that he is disabled within the meaning of the ADA, by stating he suffers from ADHD.[44] Liberally construing his pleadings, Hopkins also sufficiently alleges the third element, that he was deprived of the full and equal enjoyment of IHC's services, because he was denied an appointment at the Cottonwood Clinic.[45] However, Hopkins does not sufficiently allege the second element, namely, that any of the Defendants "own or operate" a place of public accommodation because the Second Amended Complaint does not contain any factual allegations on this front, only the conclusory statement that each Defendant "owns, leases, or operates a non-profit organization located at throughout the state of Utah which provides health care services to patients."[46] Similarly, the Second Amended Complaint contains no factual allegations supporting the fourth element—that Defendants failed to make a

---

[41] *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 677 (2001).

[42] *Compare* Dkt. 13 (Amended Complaint) *with* Dkt. 46 (Second Amended Complaint); *see also* Dkt. 41 (Order Following Oral Ruling) at 2–5 (explaining Hopkins's Amended Complaint alleged sufficient facts for the first three elements of an ADA claim).

[43] Dkt. 46 (SAC) ¶¶ 9–11.

[44] Dkt. 46 (SAC) ¶ 10; *see also* Dkt. 47 (Motion to Dismiss) at 6 (acknowledging Hopkins adequately alleges this element).

[45] Dkt. 46 (SAC) ¶¶ 11–12.

[46] Dkt. 46 (SAC) ¶ 7.

reasonable accommodation to accommodate his disability. Finally, Hopkins does not allege Defendants took adverse action against him "on the basis of" his disability, as necessary to allege an ADA violation.[47] The Second Amended Complaint contains only the conclusory statement that the clinic "refused to schedule an appointment because of [Hopkins's] behavior and mental health issues,"[48] which alleges no facts "nudg[ing] his claims . . . across the line from conceivable to plausible."[49] Instead, it is a legal conclusion which is not entitled to the assumption of truth.[50]

Because Hopkins does not allege adequate facts to make out an ADA claim, his Second Amended Complaint fails to state a claim upon which relief could be granted. Accordingly, Defendants' Motion to Dismiss Hopkins's Second Amended Complaint is granted.

## II. Hopkins May File a Motion for Leave to Amend Within Thirty Days

Hopkins has had two opportunities to amend his Complaint.[51] If Hopkins wishes to file a Third Amended Complaint, he may file a Motion for Leave to Amend within thirty (30) days of the entry of this order. Such a Motion must include as an exhibit a copy of the proposed Third Amended Complaint, pursuant to the Local Rules of Practice.[52] If no such motion is filed, the case will be closed. Balancing the interest of ensuring Hopkins has ample opportunity to try to plead his case with its obligation to prevent undue prejudice to Defendants, this likely represents Hopkins's final chance to file an adequate Complaint.

---

[47] *See PGA Tour, Inc.*, 532 U.S. at 677 ("Title III of the ADA, by its plain terms, prohibits [discrimination] on the basis of … disability.").

[48] Dkt. 46 (SAC) ¶ 12.

[49] *Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 570).

[50] *Id.* (citing *Twombly*, 550 U.S. at 555).

[51] *See* Dkt. 13 (Amended Complaint); Dkt. 46 (Second Amended Complaint).

[52] *See* DUCivR 15-1(a)(1).

### III. The Motion for Injunctive Relief is Denied

Finally, the court dismisses Hopkins's pending Motion for Injunctive Relief[53] without prejudice as moot because the claim on which it is based—Hopkins's ADA claim—has been dismissed.[54]

### CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss[55] Hopkins's Second Amended Complaint is GRANTED, and Hopkins's Motion for Injunctive Relief[56] is DENIED.

SO ORDERED this 21st day of April, 2022.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[53] Dkt. 59.

[54] *See Rose v. Utah State Bar*, 444 Fed. App'x 298, 299–300 (10th Cir. 2011) (citing *Baker v. Bray*, 701 F.2d 119, 122 (10th Cir. 1983)) (explaining preliminary injunctions provide only temporary, preliminary relief pending the resolution of underlying claims, and when those underlying claims have been dismissed, motions for preliminary injunctions drawn to those claims must be dismissed as moot).

[55] Dkt. 47.

[56] Dkt. 59.